## MEYERS and others *v.* BUSBY.

*Circuit Court, N. D. California.* October 17, 1887

PATENTS FOR INVENTIONS—INFRINGEMENT—DEFENSES.
The fourth and fifth defenses to suits for infringements of patents, author-ized to be made by section 4920, Rev. St., are separate and independent de-fenses; and each requires its appropriate notice or answer in order to let in testimony to establish the defense.

*(Syllabus by the Court.)*

Action in equity to enjoin the infringement of letters patent No. 141,-580, to the complainant Louis Meyers, issued on the fifth day of August, A. D. 1873, for "a glove-fastener." The claim is as follows:

"I claim as my invention, and desire to secure by letters patent, the glove fastener, consisting of a cord, B, which is fastened with both ends to one flap of the glove, and drawn through holes in the other flap, to operate in combi-nation with the button or holder, E, as set forth."

The respondent is a glove manufacturer at San Francisco, and practiced the invention under a license from complainant, and paid the royalties therein provided; but at its termination he declined to renew it. He continued, however, to practice the invention against the will of com-plainants, and thereupon this suit was commenced to enjoin him. A preliminary injunction was granted at the commencement of the suit.

The answer of defendant presents three matters of defense. It alleges:

"*First,* that the complainant Louis Meyers was not the first inventor or discoverer of any material or substantial part of the device for fastening gloves, covered by the letters patent mentioned in complainants' bill of com-plaint; *second,* that the said device for fastening gloves so covered by said letters patent had been in public use or on sale in this country for more than two years before the application of said Louis Meyers for a patent therefor; *third,* that the defendant has not infringed the patent of the complainants."

The provisions of section 4920 of the Revised Statutes, under which the first and second of the defenses are pleaded, are as follows:

"(4) That he was not the original and first inventor or discoverer of any material and substantial part of the thing patented. (5) That it had been in public use or on sale in this country for more than two years before his ap-plication for a patent, or had been abandoned to the public. If any one or more of the special matters alleged shall be found for the defendant, judgment shall be rendered for him, with costs."

*J. H. Miller,* for complainant.
*Gray & Havens,* for defendants.
Before SAWYER, Circuit Judge.

SAWYER, J., *(orally.)* In this case there is really only one defense that is available, and on which any testimony was taken, or could be taken under the answer, and that is, as to the prior public use for two years before the application for the patent. The fourth defense under the stat-ute, that it is not new, and the invention has been made before, is a dis-tinct defense from the fifth, and the defendants have given no sufficient

notice of any testimony—and no testimony other than that applicable to the defense of two years' prior use—on the question of prior invention; no notice of place of residence, or name of any party who invented it before, or knew of it before it was invented by the patentee in this case. As to the other defense, no two years' public prior use has been shown, unless it be, in the state of New York. I do not think the defendants have made out the defense, that it was in use in New York state two years, or at any time before the application for a patent. It is true, that one man at one shop, another one at another, testified that they had seen it; that the patented articles, a similar glove, had been made and sold at the manufactory where they worked in 1869, or about that time, but they are contradicted by other witnesses, by one of the owners himself, of one shop, who said he carried it on, and was perfectly cognizant of what was done there, during the time referred to, and, also, by his glove-cutter. They both testified, positively, that the invention was not made in that shop, or sold or used by them. They knew the facts, and were the very persons pointed out by the witnesses who testified for defendant in the case, that he had conversed with upon the subject, and, in conjuction with them, investigated the mode of making. The witness is, thoroughly, contradicted. It seems to be one of those cases, where somebody, years afterwards, in looking back to find an anticipation, imagines that he remembers some such case. I do not think the two-years prior use, or any use at all, is, satisfactorily, shown. On the contrary, I think it is clearly contradicted. It is not merely the negative testimony of some one, who had never seen the thing. It is the positive evidence of parties, one the owner and the other the cutter, who must have seen the invention, had it been manufactured by them in their shop, and then sold. The same is true in the other case in New York. The testimony of defendants' witness is contradicted by several witnesses who could not be mistaken. In both cases at Chicago of parties one of whom said he brought a pair of similar gloves from Norway, and wore them in Chicago in 1872, and another who also brought to this country a pair in 1874, the evidence is not satisfactory. If either is correct, the case was not in time, as the application for the patent was made July 16, 1873. I very much doubt the reliability of the testimony. There was but a single pair brought some 15 years ago from Norway. It is scarcely probable that a pair of gloves would be kept or remembered so long, there being nothing in particular to attract attention to the matter. It would be a very unsafe incident upon which to overthrow a patent, at this late date, on the ground relied upon. At all events, it was not two years, or one year before the making of the application for a patent in this case, which was made on the sixteenth of June, 1873. One of these pairs of gloves was brought to this country in 1874 or 1876, long after the application, and the other was alleged to have been brought in 1872, within the period of two years, even if the testimony be true; but, I greatly doubt if that glove was brought from Norway in 1872.

There must be a decree for the complainant, and a reference to the master to ascertain the net profits and the damages, and it is so ordered.